# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 108 | **DATE** | 2/24/2004 |
| **CASE TITLE** | Liners Direct, Inc. vs. Luxury Bath Liners, Inc. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. It is plain that Luxury's counsel must return to the drawing board to address whatever defects identified in this opinion appear to be curable. That must be done by an amendment to the Answer, to be filed in this Court's chambers (with a copy contemporaneously delivered to Liners Direct's counsel) on or before March 8, 2004.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | 2/25/04 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 1 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 2/24/2004 | |
| SN | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | SN mailing deputy initials | |

LINERS DIRECT, INC.        )
                        )
        Plaintiff,    )
                        )
      v.             )    No. 04 C 0108
                        )
LUXURY BATH LINERS, INC.     )
LUXURY FRANCHISE CORP.,     )
ANTHONY J. KEENE, ARBORLINK, INC. )
ARBORLINK and ARBORLINK, COM,   )
                        )
        Defendants,   )
        jointly and   )
        severally,    )
_____

LUXURY BATH LINERS, INC., and   )
LUXURY FRANCHISE CORP.       )
                        )
        Counterclaimant,  )
                        )
      v.             )
                        )
LINERS DIRECT, INC.        )
                        )
        Counterdefendant. )

## MEMORANDUM OPINION AND ORDER

Luxury Bath Liners, Inc. and Luxury Franchise Corp. (collectively "Luxury"), two of the defendants in this action brought by Liners Direct, Inc. ("Liners Direct"), have filed their Answer to Liners Direct's Amended Complaint ("AC"). Because various aspects of the Answer, including its laundry list of purported affirmative defenses ("ADs"), are problematic for one reason or another, this memorandum opinion and order is issued sua sponte to require Luxury's counsel to cure the flaws

identified here.

To begin with, Luxury's counsel have failed to comply with this District Court's L.R. 10.1, which is obviously aimed at obviating the task that has just been imposed on this Court: having to lay two pleadings side by side, and to shift constantly from one to the other, to see just what has and has not been placed in issue (and relatedly to identify any problems in that respect). To avoid further damage to the environment by requiring the cutting down of more trees, this Court is not requiring Luxury's counsel to conform to L.R. 10.1 in the amended response that is required by this opinion -- but counsel should be aware of that rule's requirement for future.

As for the substantive aspects of Luxury's responsive pleading dealt with here, this Court has not attempted to be exhaustive in pointing out its flaws (particularly given the length of the pleadings). Instead it has selected some obvious problems, without prejudice of course to the right of Liners Direct's counsel to target matters not addressed here.

First, Answer ¶¶ 25 to 27 advance what must be viewed as frivolous objections to "the vagueness and characterization of Plaintiff's use of the term 'identical.'" This Court has had no difficulty in understanding the corresponding allegations of the AC, and Luxury is accordingly ordered to respond directly to those allegations, rather than simply denying them on such specious grounds.

That same flaw invalidates Answer ¶ 33. If Liners Direct and Luxury have in fact engaged in litigation in the past, Luxury must admit AC ¶ 33. If not, that allegation may be denied.

Next, Answer ¶ 34 cannot in good faith invoke the deemed denial that is provided by the second sentence of Fed.R.Civ.P. ("Rule") 8(b). In light of AC Ex. F, Luxury certainly has information sufficient to form a belief as to at least part of AC ¶ 34.

Next, Answer ¶¶ 57 and 65 refer to each of two Illinois statutes as a "document [that] speaks for itself." Not so -- see App. 3 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001). Moreover, it is totally uninformative for Luxury's counsel to deny allegations based on statutory language "insofar as they may be inconsistent with the language of that statute." Instead Luxury must answer the allegations of AC ¶¶ 57 and 65 in a straightforward fashion.

Finally, many of Luxury's set of 14 ADs are directly at odds with the fundamental nature of that concept as exemplified in Rule 8(c) and the case law applying that Rule (in that respect, see also App. ¶ 5 to State Farm). Here are a number of the troublesome aspects of those ADs:

1.  AD 1 is the essential equivalent of a Rule 12(b)(6) motion. Because both Rule 8(c) and Rule 12(b)(6) require the acceptance of all of the AC's well-pleaded allegations as true, and because Liners Direct is

3

entitled to remain in court on that basis, AD 1 is stricken.

2. AD 2 appears to depend on an extraordinarily strained use of the English language. But because this Court is not now addressing the substantive viability of Luxury's legal position (a position that is also embodied in its Counterclaim, which follows the ADs in its present pleading), no modification of that AD will be required at this time.

3. AD 3 is directly at odds with such portions of Liners Direct's pleading as AC ¶¶ 30, 43 and 52. AD 3 is accordingly stricken.

4. That same problem is faced by AD 6 -- see, e.g., AC ¶¶ 59 and 66. AD 6 is also stricken.

5. AD 7 is also flawed because it is at odds with AC ¶ 18, which ascribes registration of the domain name to Luxury's "agents." AD 7 is stricken as well.

6. AD 9 contradicts AC ¶¶ 29 and 36 (and perhaps other provisions of the AC as well). It too is stricken.

7. AD 10 is simply wrong as a matter of law. It too is stricken.

8. AD 11 is impermissible even under the undemanding notice pleading regime that applies to federal litigation. If Luxury claims that any of the ADs listed there applies, it has a duty to be more

particular, rather than simply mouthing them in conclusory fashion. AD 11 is stricken as well.

9. AD 13 is also inconsistent with Liners Direct's allegations, this time with AC ¶¶ 18 and 39 (and perhaps others). Accordingly AD 13 is also stricken.

10. AD 14 suffers from the same flaw -- see AC ¶¶ 18 and 39. It too is stricken.

It is plain that Luxury's counsel must return to the drawing board to address whatever defects identified in this opinion appear to be curable. That must be done by an amendment to the Answer, to be filed in this Court's chambers (with a copy contemporaneously delivered to Liners Direct's counsel) on or before March 8, 2004.

Because clients should not be required to pay twice for work that must be redone because of counsel's errors, no charge is to be made to Luxury for the time and expenses involved in the preparation of the amendment that is required here. Luxury's counsel are directed to advise their clients to that effect and to transmit a copy of the letter containing that advice to this Court's chambers (purely for information, not for filing).

Milton I. Shadur
Senior United States District Judge

Dated:     February 24, 2004